**REESE LLP**
Michael R. Reese (SBN: 206773)
*mreese@reesellp.com*
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
Facsimile: (212) 253-4272

**REESE LLP**
George V. Granade (SBN: 316050)
*granade@reesellp.com*
8484 Wilshire Boulevard, Suite 515
Los Angeles, California 20015
Telephone: (310) 393-0070
Facsimile:  (212) 253-4272

**SHEEHAN & ASSOCIATES, P.C.**
Spencer Sheehan (admitted *pro hac vice*)
*spencer@spencersheehan.com*
505 Northern Boulevard, Suite 311
Great Neck, New York 11021
Telephone:  (516) 303-0552
Facsimile:   (516) 234-7800

*Counsel for Plaintiff and the Proposed ClassN*

**DORSEY & WHITNEY LLP**
Kent J. Schmidt (SBN 195969)
*schmidt.kent@dorsey.com*
Navdeep K. Singh (SBN 284486)
*singh.navdeep@dorsey.com*
600 Anton Boulevard, Suite 2000
Costa Mesa, CA 92626
Telephone:  (714) 800-1400
Facsimile:  (714) 800-1499

**DORSEY & WHITNEY LLP**
Creighton R. Magid (*admitted pro hac vice*)
*magid.chip@dorsey.com*
1401 New York Avenue, NW, Suite 900
Washington, DC 20005
Telephone: (202) 442-3555
Facsimile: (202) 442-3199

*Counsel for Defendants*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| STEVE DAILEY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>A&W CONCENTRATE COMPANY and KEURIG DR PEPPER INC.,<br><br>Defendants. | **Case No. 4:20-cv-02732-JST**<br><br>**JOINT  CASE MANAGEMENT STATEMENT**<br><br>Judge:        Hon. Jon S. Tigar<br>Courtroom:  6, 2nd Floor  (VIA ZOOM)<br>Date:          August 11, 2020<br>Time:          2:00 p.m. |

The parties to the above-entitled action jointly submit this Joint Case Management Statement pursuant to Federal Rules of Civil Procedure 16 and 26(f) and the Standing Order for all Judges of the Northern District of California regarding Contents of Joint Case Management Statement.

## 1.    Jurisdiction and Service

Defendants A&W Concentrate Company and Keurig Dr Pepper Inc. ("Defendants") have been served in this proceeding.  No remaining parties need to be served. Defendants do not contest personal jurisdiction or venue.

## 2.    Facts

### Plaintiff's Statement

As alleged in the complaint filed on April 20, 2020 (ECF No. 1) as amended on July 27, 2020 (ECF No. 33)("Amended Complaint"), this is an action brought against Defendants for alleged violation of the consumer protection laws of California for Defendants' allegedly false, deceptive, and unlawful marketing and sales of A&W Root Beer and Cream Sodas beverages ("Products").

Defendants' misrepresents one of the key ingredient in the Products – vanilla.  Laboratory test results evidence that the vanilla taste of the Products does not come exclusively, or even predominantly, from the vanilla bean.  Rather, it comes from artificial sources.  This is material to consumers and in violation of California's consumer protection laws.

### Defendants' Statement

No reasonable consumer would be deceived by the Products' labels.  The Products do, in fact, contain aged vanilla.  Plaintiff concedes that he cannot prove otherwise.  Root beer and cream soda are complex combinations of flavors.  Nothing about the Products' labels would suggest the amount of vanilla in the products.  Moreover, the Products' labels – which include the prominent statement "Naturally and Artificially Flavored" – make it clear to reasonable consumers that the flavor of the beverages is not derived exclusively from vanilla beans.  There is no violation of any of California's consumer protection laws.

Key Factual Issues in Dispute

The following are key factual issues in dispute:

1.  Whether Defendants' designation of the Products as containing vanilla would lead a reasonable consumer to believe that all, or substantially all, of the vanilla flavor in the Products comes from vanilla bean extract, and/or other variations of this allegation made by Plaintiff.

2.  Whether a reasonable consumer would believe that the Products contained a particular quantity of aged vanilla.

3.  Whether the amount of aged vanilla is material to purchase decisions.

4.  The composition of the vanilla flavoring in the Products.

### 3.     **Legal Issues**

Defendants' Position:

Both the Complaint and the Amended Complaint fail to state a claim upon which relief may be granted.  On July 6, 2020, Defendants moved to dismiss Plaintiff's Complaint. (*See* ECF No. 17.)  Defendants will move to dismiss the Amended Complaint on or before August 17, 2020.

Plaintiff's Position:

Plaintiff amended his complaint on July 27, 2020 (ECF No. 33).  The amended complaint mooted Defendant's pending motion to dismiss.

### 4.     **Motions**

Defendants filed a motion to dismiss the Complaint on July 6, 2020 (ECF No. 17 ("Defendant's Motion").)  Plaintiff filed an amended complaint on July 27, 2020.  Plaintiff believes that the Amended Complaint mooted Defendant's Motion.

Plaintiff will file a motion for class certification and possibly a motion for summary judgment.

Defendants will file a motion to dismiss the Amended Complaint.  Defendants may file a motion for summary judgment and likely will oppose any motion for class certification filed by Plaintiff.

**5.      Amendment of Pleadings**

Plaintiff filed an amended complaint on July 27, 2020.

**6.      Evidence Preservation**

The Parties conducted a Rule 26 conference on July 18, 2020, and discussed steps to preserve evidence and certified that they have reviewed guidelines related to the discovery of electronically stored information.  Each Party asserts that they are taking reasonable and proportionate steps to comply with its or their obligation to preserve evidence, including electronically stored information.  Communications among the Parties on Electronically Stored Information ("ESI") are ongoing, and the Parties have agreed they will make efforts to work together cooperatively in the production of ESI.

**7.      Disclosures**

Pursuant to Rule 26, the parties will exchange initial disclosures by August 7, 2020.

Plaintiff's initial disclosures will include identification of persons with knowledge of plaintiff's experiences with the Products.

Defendants' initial disclosures will include an identification of persons at Defendants knowledgeable regarding the labels and formulation of the Products.

**8.      Discovery**

The Parties conferred regarding discovery pursuant to Rule 26(f) on July 18, 2020.  The Parties have not yet taken discovery.  Because discovery in this action is likely to involve the production of confidential information, the Parties anticipate filing a Stipulated Protective Order, and intend to work together cooperatively to reach agreement on the terms of that Order.  The Parties are conferring regarding the form of Order now and will submit an Order for the Court's consideration and entry.  The Parties believe that the limits on discovery set by the Federal Rules of Civil Procedure are appropriate for this case.

1    Plaintiffs' Statement

2        Plaintiffs will propound document requests, interrogatories, and requests for admission.

3    Plaintiffs will also depose corporate representatives of Defendants pursuant to Federal Civil

4    Procedure Rule 30(b)(6) as well as employees of Defendants in their individual capacity.

5    Plaintiffs will also depose any experts that Defendants will use in this matter.

6        The subjects of Plaintiff's discovery may include, among other subjects, the marketing

7    and labeling of the Products; Defendants' studies of consumer interpretation; and Defendants'

8    pricing of the Products.

9    Defendants' Statement

10       Defendants will propound to Plaintiff interrogatories, document requests, and requests for

11   admission.  Defendants anticipate deposing Plaintiff and other witnesses listed in Plaintiff's initial

12   disclosures.  Defendants also anticipate deposing any experts that Plaintiff intends to present.

13   Defendants may also serve discovery on third parties.

14       The subjects of Defendants' discovery may include the basis for Plaintiff's allegations that

15   the labels of the Products are false and misleading; Plaintiff's purchase history of the Products;

16   the nature, amount, and facts surrounding Plaintiff's alleged injury and damages; and subjects

17   relating to Plaintiff's anticipated motion for class certification.

18       **9.    Class Action**

19       The parties propose two alternative schedules for a determination whether to certify a

20   class, below.

21       The parties have reviewed the Procedural Guidance for Class Action Settlements.

22       **10.    Related Cases**

23       Plaintiff and Defendants are unaware of any related cases pending in this jurisdiction.

24   There is a related matter pending in the Eastern District of New York, *Sharpe et al. v. A&W*

25   *Concentrate Company and Keurig Dr Pepper Inc.*, case no. 1:19-cv-00768-BMC.

26

27

28

-5-

**11.     Relief**

Plaintiff's Statement

Plaintiff seeks both monetary and injunctive relief.  Plaintiff intends to utilize damage experts to determine the amount of relief.

Defendants' Statement

Defendants deny that Plaintiff has been harmed or damaged by Defendants in any amount, and deny that Plaintiff is entitled to any relief whatsoever.

**12.     Settlement and ADR**

The Parties have discussed settlement and ADR and have agreed to use a private mediator – the Honorable John Mott (Ret.) of JAMS in Washington, D.C.  The Parties filed their ADR certification on July 7, 2020 (ECF No. 19), reflecting their agreement to use private mediation as their preferred ADR method.  The Parties are in the process of scheduling the mediation with Judge Mott.

**13.     Consent to a Magistrate Judge for All Purposes**

Plaintiff has already declined consent to proceed before a Magistrate in this action.

**14.     Other References**

The Parties do not believe that the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.     Narrowing of the Issues**

The Parties wish to discuss with the Court the possibility of pre-certification discovery limited to, and pre-certification determination of, the issue of whether a reasonable consumer would be deceived by the Products' labels.

**16.     Expedited Trial Procedure**

The Parties do not believe that the case should be handled under an expedited trial procedure.

**17.     Scheduling**

The Parties have discussed proposed schedules for this matter.  The Parties have different positions on how discovery should proceed.

-6-

**Plaintiff's Proposal**

Plaintiff's Proposal is Option A below, which comports with the traditional way in which discovery occurs under the Federal Rules of Civil Procedure, which Plaintiff believes will reduce the likelihood of discovery disputes.

**Defendant's Proposal**

Defendant's proposal is Option B below, which would provide for an early determination of consumer understandings of the Products' labels (in the event the matter is not dismissed on Defendants' anticipated motion to dismiss) and the materiality of the "Made with Aged Vanilla" statement to consumers' purchasing decisions. Under this proposal, there would be a brief discovery period limited to the issues of (a) consumer understanding of the Products' labels and (b) the materiality of the "Made with Aged Vanilla" statement to consumers' purchasing decisions and the opportunity for dispositive motions on those issues (with dispositive motions for all remaining issues reserved and without prejudice to raising materiality arguments with respect to any motion for class certification). Defendants believe that a determination on these issues would likely obviate the effort and expense required to prepare for and brief class certification motions and would advance the objectives of Fed. R. Civ. P. 1. Option B does not run counter to Rule 23(c)(1) and does not implicate the one-way intervention rule. *See, e.g., Wright v. Shock*, 742 F.2d 541, 543-544 (9th Cir. 1984). To avoid any doubt, Defendants waive any argument that the one-way intervention rule would bar class certification.

If the Court were instead to adopt Option A, Defendants believe that (a) the disclosure of Plaintiff's class certification experts should precede the disclosure of Defendants' class certification experts, since the selection of Defendants' experts and the subjects of their reports will very much depend upon the subject matter of Plaintiffs' expert reports; (b) that Defendants should have a minimum of two months after the deadline for Plaintiff's expert disclosures to disclose Defendants' experts, since identification and retention of appropriate experts cannot begin until Plaintiff has disclosed his experts; and (c) that the period for class certification fact discovery should extend for at least one month after the disclosure of Plaintiff's experts to allow

-7-

for discovery on issues unknown to Defendants until the disclosure of Plaintiff's experts. Defendants therefore indicate their proposed modifications to Option A below.

Option A (Plaintiff's Proposal):

DEADLINE TO AMEND PLEADINGS:  30 days after a ruling on Defendant's anticipated renewed motion to dismiss.

CLASS CERTIFICATION FACT DISCOVERY CUTOFF:        February 12, 2021

CLASS CERTIFICATION EXPERT DISCLOSURES:           February 19, 2021

CLASS CERTIFICATION REBUTTAL DISCLOSURES:         March 26, 2021

CLASS CERTIFICATION MOTION:                       April 2, 2021

OPPOSITION BRIEF:                                 May 14, 2021

REPLY BRIEF:                                      June 4, 2021

DISCOVERY CUTOFF:                                 November 29, 2021

DEADLINE FOR DISPOSITIVE MOTIONS:                 December 17, 2021

JOINT PRETRIAL ORDER:                             March 25, 2022

TRIAL:                                            April 25, 2022

Defendants' Proposed Modifications to Option A:

If the Court accepts Option A rather than Option B below, Defendants propose the following modifications to the proposed schedule set forth above:

Plaintiff's Class Certification Expert Disclosures:     January 11, 2021

Defendants' Expert Class Certification Disclosures:  March 26, 2021

Option B (Defendants' Proposal):

| | |
|---|---|
| DISCOVERY PERIOD LIMITED TO LABEL UNDERSTANDING AND MATERIALITY OF "MADE WITH AGED VANILLA" | August 15, 2020 – December 4, 2020 |
| DEADLINE FOR DISCLOSING SURVEY RESULTS AND/OR EXPERTS  REGARDING CONSUMERS' LABEL UNDERSTANDING AND MATERIALITY OF "MADE WITH AGED VANILLA" | November 2, 2020 |
| DISPOSITIVE MOTION DEADLINE REGARDING CONSUMERS' LABEL UNDERSTANDING AND MATERIALITY OF "MADE WITH AGED VANILLA" | December 22, 2020 |
| PLAINTIFF'S EXPERT DISCLOSURES: | March 15, 2021 |
| DEFENDANTS' EXPERT DISCLOSURES: | May 17, 2021 |
| CLASS CERTIFICATION MOTION: | June 4, 2021 |
| OPPOSITION BRIEF: | July 16, 2021 |
| REPLY BRIEF: | August 6, 2021 |
| DISCOVERY CUTOFF: | January 28, 2022 |
| DEADLINE FOR DISPOSITIVE MOTIONS: | February 18, 2022 |
| JOINT PRETRIAL ORDER: | May 27, 2022 |
| TRIAL: | June 27, 2022 |

**18.    Trial**

Plaintiff has demanded a jury trial on all matters so triable.  The Parties anticipate that a trial will take approximately five to seven days.

**19.    Disclosure of Non-party Interested Entities**

The Parties have filed a Certification of Interested Entities or Persons.  As required by the General Order, the Parties restate their disclosure statements and certificate of interested entities as follows:

-9-

1    <u>Plaintiff:</u>   Steve Dailey.

2    <u>Defendant:</u>  Pursuant to Federal Rule of Civil Procedure 7.1, Defendants have identified

3    the following entities as potentially having a pecuniary interest in the outcome of this case:

4        •    A & W Concentrate Company;

5        •    Keurig Dr Pepper, Inc.

6        •    JAB Holding Company S.à r.l

7        •    Mondelez International Holdings LLC

8        •    Mondelez International, Inc.

9    Pursuant to Civil L.R. 3-15, the undersigned certifies and restates that as of this date, other than

10   the named parties and their shareholders and the entities identified by the Parties pursuant to Fed.

11   R. Civ. P. 7.1, no associations of persons, firms, partnerships, corporations (including parent

12   corporations) or other entities (i) have a financial interest in the subject matter in controversy or

13   in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party

14   that could be substantially affected by the outcome of this proceeding.

15   **20.  Professional Conduct**

16   All attorneys of record have reviewed the Guidelines for Professional Conduct for the

17   Northern District of California.

18   **21.    Other**

19   The Parties do not anticipate any other matters at this time.

-10-

Respectfully submitted,

**REESE LLP**

*/s/ Michael R. Reese*
Michael R. Reese (SBN 206773)
*mreese@reesellp.com*
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500

George V. Granade (SBN: 316050)
*granade@reesellp.com*
8484 Wilshire Boulevard, Suite 515
Los Angeles, California 20015
Telephone: (310) 393-0070

**SHEEHAN & ASSOCIATES, P.C.**
Spencer Sheehan (admitted *pro hac vice*)
*spencer@spencersheehan.com*
505 Northern Boulevard, Suite 311
Great Neck, New York 11021
Telephone:  (516) 303-0552
Facsimile:   (516) 234-7800

*Counsel for Plaintiff*

**DORSEY & WHITNEY, LLP**

*/s/ Creighton Magid*
Creighton R. Magid (admitted *pro hac vice*)
*magid.chip@dorsey.com*
1401 New York Avenue NW, Suite 900
Washington, D.C. 20005
Telephone:  (202) 442-3555
FACSIMILE:  (202) 442-3199

Kent J. Schmidt (SBN 195969)
*schmidt.kent@dorsey.com*
Navdeep K. Singh (SBN 284486)
*singh.navdeep@dorsey.com*
600 Anton Boulevard, Suite 2000
Costa Mesa, California 92626
Telephone:  (714) 800-1400
Facsimile:  (714) 800-1499

*Counsel for Defendants*

-11-

JOINT CASE MANAGEMENT STATEMENT
Case No. 20-cv-02372-JST

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

I, Michael R. Reese, hereby attest, pursuant to N.D. Cal. Local Rule 5-1(i)(3), that the concurrence to the filing of this document has been obtained from each signatory hereto

DATED:  July 31, 2020                                    **REESE LLP**

By: */s/ Michael R. Reese*
    Michael R. Reese

Counsel for Plaintiff and the Proposed Class

-12-