**REESE LLP**
Sue J. Nam (State Bar No. 206729)
*snam@reesellp.com*
Michael R. Reese (State Bar No. 206773)
*mreese@reesellp.com*
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
Facsimile: (212) 253-4272

**REESE LLP**
George V. Granade (State Bar No. 316050)
*ggranade@reesellp.com*
8484 Wilshire Boulevard, Suite 515
Los Angeles, California 90211
Telephone: (310) 393-0070
Facsimile: (212) 253-4272

**SHEEHAN & ASSOCIATES, P.C.**
Spencer Sheehan (Admitted *Pro Hac Vice*)
spencer@spencersheehan.com
505 Northern Boulevard, Suite 311
Great Neck, NY 11021
Telephone: (516) 303-0552
Facsimile: (516) 234-7800

*Counsel for Plaintiff and the Proposed Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEVE DAILEY, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br>vs.<br><br>A & W CONCENTRATE COMPANY and KEURIG DR PEPPER INC.,<br><br>Defendants. | Case No. 4:20-cv-02732-JST<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**<br><br>Date:  September 23, 2020<br>Time:  2:00 p.m.<br>Courtroom:  6<br>Judge:  Hon. Jon S. Tigar |

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................................i

TABLE OF AUTHORITIES ......................................................................................................... ii

STATEMENT OF ISSUES TO BE DECIDED ............................................................................1

PRELIMINARY STATEMENT ....................................................................................................2

STATEMENT OF FACTS .............................................................................................................3

LEGAL STANDARDS ..................................................................................................................5

ARGUMENT ..................................................................................................................................5

    I.    THE AMENDED COMPLAINT SETS FORTH PLAUSIBLE BASES FOR RELIEF ............................................................................................................................5

        A.    The Amended Complaint Alleges that the Vanilla Flavoring of the Products Comes Predominantly from Artificial Vanilla .............................6

        B.    The So-Called Disclaimer Is Insufficient to Correct or Clarify the Misleading Statement on the Front of the Packaging ..................................6

        C.    Plaintiff's Survey Evidence Further Supports His Allegations of Actionable Deception ......................................................................................7

    II.    PLAINTIFF SUFFICIENTLY ALLEGES VIOLATIONS OF FDA REGULATIONS, BUT DO NOT RELY SOLELY ON THOSE VIOLATIONS FOR HIS CLAIMS ..................................................................................8

    III.    PLAINTIFF HAS STANDING TO BRING CLAIMS FOR ALL PRODUCTS, FOR MONETARY RELIEF AND FOR INJUNCTIVE RELIEF .........................10

        A.    Plaintiff Has Standing to Bring Claims for All Products ..........................10

        B.    Plaintiff Has Standing to Bring Claims for Monetary Damages ...............11

        C.    Plaintiff Has Standing for Injunctive Relief ..............................................12

CONCLUSION.............................................................................................................................14

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Ang v. Bimbo Bakeries USA, Inc.*, No. 13–CV–01196–WHO,
    2014 WL 1024182 (N.D. Cal. Mar. 13, 2014) ............................................................................ 11

*Arora v. GNC Holdings, Inc.*, No. 19-cv-02414-LB,
    2019 WL 6050750 (N.D. Cal. Nov. 15, 2019) ......................................................................... 10

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ............................................................................................. 5

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ........................................................................ 5, 7

*Berni v. Barilla S.p.A.*, 964 F.3d 141 (2d Cir. 2020) ...................................................................... 12

*Bohac v. Gen. Mills, Inc.*, No. 12–CV–05280–WHO,
    2014 WL 1266848 (N.D. Cal. Mar. 26, 2014) .......................................................................... 10

*Branca v. Nordstrom, Inc.*, No. 14-cv-2062 MMA,
    2015 WL 10436858 (S.D. Cal. Oct. 9, 2015) .............................................................................. 8

*Brown v. Hain Celestial Group, Inc.*, 913 F. Supp. 2d 881 (N.D. Cal. 2012) ............................... 10

*Bruton v. Gerber Products Co.*, 703 Fed. Appx. 468 (9th Cir. 2017) ............................................. 9

*Chavez v. Blue Sky Nat. Beverage Co.*, 340 F. App'x 359 (9th Cir. 2009) .................................... 11

*Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956 (9th Cir. 2018) .......................................... 12, 13

*In re Farm Raised Salmon Cases*, 42 Cal.4th 1077 (Cal. S. Ct. 2008) ........................................... 9

*Joseph v. J.M. Smucker Co.*, No. 17-CV-8735 FMO,
    2019 WL 1219708 (C.D. Cal. Mar. 13, 2019) ............................................................................ 8

*Knievel v. ESPN*, 393 F.3d 1068 (9th Cir. 2005) ............................................................................. 5

*Kommer v. Bayer Consumer Health*, 710 F.App'x 43 (2d Cir. 2018) ........................................... 12

*Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310 (2011) ............................................................. 11

*Maya v. Centex Corp.*, 658 F.3d 1060 (9th Cir. 2011) .................................................................. 12

*Shalikar v. Asahi Beer U.S.A., Inc.*, No. 17–CV-02713 JAK,
    2017 WL 9362139 (C.D. Cal. 2017) ........................................................................................... 8

*Sharpe v. A & W Concentrate Company and Keurig Dr. Pepper Inc.*,
  __ F. Supp.3d __, Case No. 1:19-cv-00768-BMC,
  2020 WL 4931045 (E.D.N.Y. August 24, 2020) ................................................................ passim

*Tucker v. Post Consumer Brands, LLC*, No. 19-cv-03993-YGR,
  2020 WL 1929368 (N.D. Cal. April 21, 2020) ........................................................................ 13

*Williams v. Gerber Prods. Co.*, 552 F.3d 934 (9th Cir. 2008) ....................................................... 6, 7

*Zaragoza v. Apple Inc.*, No. 18-cv-06139-PJH,
  2019 WL 1171161 (N.D. Cal. March 13, 2019) ..................................................................... 11

**REGULATIONS**

21 C.F.R. § 101.22(i)(2) ................................................................................................................ 10

Cal. Health & Safety Code, §§ 110100(a) ..................................................................................... 9

**RULES**

Fed. R. Civ. P. 12(b)(6) ................................................................................................................... 5

In compliance with Northern District of California Local Rule 7-4, Plaintiff Steve Dailey ("Plaintiff"), through his undersigned counsel, respectfully submits the following opposition to the motion filed by Defendants A & W Concentrate Company and Keurig Dr Pepper Inc. ("Defendants") to dismiss Plaintiff's Amended Class Action Complaint ("Amended Complaint" or "Am. Compl."), Dkt 33. Defendants ask this Court to dismiss the entirety of Plaintiff's Amended Complaint. *See* Defendants' Notice of Motion and Motion to Dismiss Amended Class Action Complaint; Memorandum of Points and Authorities In Support Thereof ("Def. Mem."), Dkt 40. Defendants' arguments have been rejected by courts in this Circuit and by the Honorable Brian M. Cogan of the Eastern District of New York in a case involving the same products at issue here in *Sharpe v. A & W Concentrate Company and Keurig Dr. Pepper Inc.*, __ F. Supp.3d __, Case No. 1:19-cv-00768-BMC, 2020 WL 4931045 (E.D.N.Y. August 24, 2020). This Court should do the same here and deny Defendants' motion to dismiss in its entirety.

## STATEMENT OF ISSUES TO BE DECIDED

1. Has Plaintiff adequately alleged an actionable claim where Judge Cogan concluded, on similar allegations, that the "Made With Aged Vanilla" representation on the front of Defendants' packaging is deceptive and misleading because it communicates to the reasonable consumer the false message that the vanilla flavoring comes from real vanilla when, in fact, it does not.

2. Does Plaintiff have standing for all Products where he has alleged uniform misrepresentation across the product lines, which has been found sufficient for standing by courts in this District under Ninth Circuit authority?

3. Has Plaintiff sufficiently asserted economic injury by alleging that he spent money that, absent Defendants' actions, he would not have spent, which has been found sufficient for pleading injury-in-fact under Ninth Circuit authority?

4. Does Plaintiff have standing for injunctive relief where he has made plausible allegations regarding the threat of future harm, which have been found sufficient for standing under Ninth Circuit authority?

# PRELIMINARY STATEMENT

As Defendants state, this action is "a near-duplicate of an ongoing lawsuit" in *Sharpe* pending in the Eastern District of New York. Def. Mem. at 1. The gravamen of both cases is that Defendants' front label claim, "Made With Aged Vanilla," is deceptive because the vanilla flavoring of the Defendants' A&W root beer and cream soda ("Products") does not come exclusively or predominantly from the vanilla plant. Am. Comp. at ¶ 5. The Amended Complaint alleges that Plaintiff was misled by Defendants' labelling because scientific testing of the Products "revealed that the predominant, if not exclusive, source of the vanilla flavor is ethyl vanillin," which "is an artificial, synthetic ingredient that is used as a cheap, inferior substitute for vanilla." *Id.* at ¶¶ 4-7.

Based on similar allegations in *Sharpe*, Judge Cogan of the Eastern District of New York concluded:

> [P]laintiffs have adequately alleged that the "MADE WITH AGED VANILLA" representation on the front of defendants' packaging communicates to the reasonable consumer the false message that the vanilla flavoring comes from real vanilla, when in reality, the product contains no "aged vanilla" whatsoever. The complaint reiterates that, even if the products contain any aged vanilla, "it is in trace or *de minimis* amounts not detectable by advanced scientific means." Therefore, defendants' misleading message that the drink contains "aged vanilla" is not dispelled by the information that the beverages are "Natural [sic] and Artificially Flavored," which fails to communicate that the quantity of the artificial flavoring far exceeds the quantity of natural vanilla.

*Sharpe,* 2020 WL 4931045, at *1.

Thus, Plaintiff respectfully ask this Court to deny Defendants' motion to dismiss because the Amended Complaint pleads factual allegations that allow this Court, as in *Sharpe*, to draw the inference in Plaintiff's favor that reasonable consumers are likely to be misled by Defendants' "Made With Aged Vanilla" representation.

Defendants' other arguments regarding Plaintiff's failure to allege standing also must be denied based on Ninth Circuit authority and the decisions in this District, which have rejected the same arguments made by Defendants here.

**STATEMENT OF FACTS**

Defendants prominently make the claim "Made With Aged Vanilla" on the front label panel of its Products, thereby cultivating a wholesome and natural image in an effort to promote the sale of their soft drinks. Am. Comp. at ¶ 19.



Image from Defendants' website (www.rootbeer.com).

Consumers want the vanilla in vanilla-flavored products to come from a real source, *i.e.,* from vanilla beans from the vanilla plant. *Id.* at ¶ 28. The representation "Made With Aged Vanilla" causes consumers, like Plaintiff, to believe that the Products are vanilla- flavored and the vanilla flavor comes exclusively, if not predominantly, from the vanilla plant. *Id.* at ¶¶ 3–4. Consumers are accustomed to products labeled with "vanilla" without "artificial vanilla" qualifiers to mean that the vanilla flavor comes from the vanilla plant. *Id.* at ¶ 32. Consumers reasonably believe that the "Made With Aged Vanilla" means that, with respect to the vanilla flavor, the flavor

is a natural flavor that comes from the vanilla plant. *Id.* at ¶ 33.

In a survey conducted in March of 2020 of 411 consumers, who were shown the Products' front label, *89%* stated that the "Made With Aged Vanilla" on the Product label meant that the Product was vanilla-flavored and *68%* interpreted the statement on the label to mean that the vanilla flavor comes exclusively, if not predominantly, from the vanilla plant. Am. Compl. at ¶¶ 3-4, 20-21.

Unfortunately for consumers, Defendants' "Made With Aged Vanilla" representation is false and misleading. Specifically, scientific testing of the products in August of 2019 by Alliance Technologies revealed that the vanilla flavoring of the Products does not come exclusively or predominantly from the vanilla plant. Rather, the opposite is true. The testing revealed that the predominant, if not exclusive, source of the vanilla flavor is from ethyl vanillin. Ethyl vanillin does not come from the vanilla plant at all, but rather is an artificial, synthetic ingredient that is used as a cheap, inferior substitute for vanilla. *Id.* at ¶¶ 22-23. Given the total absence of the non-vanillin marker compounds and the high level of ethyl vanillin, if the Products contains any real vanilla at all, it is in trace or *de minimis* amounts not detectable by even advanced scientific means. *Id.* at ¶ 26.

As a result of the misleading labeling at issue, the Products are sold at a premium price, as compared to similar products. *Id.* at ¶ 37.

Plaintiff Dailey purchased a 2-liter bottle of Defendants' root beer bearing the "Made With Aged Vanilla" statement on the front labeling. *Id.* at ¶ 43. Plaintiff saw the "Made With Aged Vanilla" representation and relied on it to believe that the Products were vanilla-flavored and that the vanilla flavor came from the vanilla plant. *Id.* Had Plaintiff known the true that the "Made With Aged Vanilla" representation was false, Plaintiff would not have purchased the Product at a premium price or bought the Product at all. If the Products were reformulated such that the vanilla flavor came exclusively from the vanilla plant, or the Products were not deceptively labeled, Plaintiff would purchase the Product again in the future. *Id.*

Plaintiff allege violations of both the unlawful and unfair/fraudulent prongs of the UCL,

the FAL and the CLRA. Am. Comp. at ¶¶ 61-100. Plaintiff seeks monetary damages and injunctive relief. *Id.*

## LEGAL STANDARDS

On a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, a complaint need only "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 663. The court "must accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005) (citation omitted).

## ARGUMENT

### I.  THE AMENDED COMPLAINT SETS FORTH PLAUSIBLE BASES FOR RELIEF

Plaintiff alleges that Defendants' "Made With Aged Vanilla" representation on the front of the Products' label is false and misleading because the vanilla flavoring in the Products comes predominantly from ethyl vanillin, an artificial ingredient. Am. Compl. at ¶¶19-26.

Defendants make two arguments to support their contention that no reasonable consumer could be misled by the label. First, Defendants claim with no proper evidentiary basis that their "Made With Aged Vanilla" representation is truthful. Def. Mem. at 2-8. Second, Defendants contend that their statement "Naturally and Artificially Flavored" is sufficient to dispel the deception caused by its "Made With Aged Vanilla." *Id.* Both arguments must be rejected and have been rejected by Judge Cogan.

**A. The Amended Complaint Alleges that the Vanilla Flavoring of the Products Comes Predominantly from Artificial Vanilla**

Defendants repeatedly state that their "Made With Aged Vanilla" representation is truthful, even going so far as to suggest that Judge Cogan somehow made a factually finding to that effect. *See* Def. Mem. 2, n. 1. This simply is not true. Indeed, Judge Cogan specifically rejected this point:

> Defendants contend that I should dismiss the complaint because plaintiffs effectively concede that the beverages do, in fact, contain aged vanilla. This argument fails . . . . [P]laintiffs never acknowledged in their amended complaint that the offending products contain any vanilla extract.

*Sharpe,* 2020 WL 4931045, at *4.

The Amended Complaint instead alleges that the vanilla flavoring in the Products comes from ethyl vanillin, an artificial ingredient and that, *if* any real vanilla is used, it is only in trace or *de minimis* amounts not detectable by advanced scientific means. Am. Comp. at ¶¶ 26. In considering Defendants' requested dismissal of Plaintiff's Amended Complaint for failure to state a claim upon which relief may be granted, this Court must accept Plaintiff's allegations as true and consider them in the light most favorable to Plaintiff. Accordingly, Defendants cannot refute Plaintiff's well-pled allegations in the Amended Complaint with the wholly unsubstantiated statement that the Products are made with aged vanilla.

Moreover, even if Defendants could prove at this juncture that their vanilla representation is truthful, which they cannot, Defendants cannot defeat Plaintiff's claim with a defense of technical accuracy under well-established Ninth Circuit law. *See Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008) (consumer protection laws prohibit "not only advertising which is false, but also advertising which, although true, is either actually misleading or which has a capacity, likelihood or tendency to deceive or confuse the public") (internal quotation marks and brackets omitted).

**B. The So-Called Disclaimer Is Insufficient to Correct or Clarify the Misleading Statement on the Front of the Packaging**

The so-called disclosure here does not dispel consumer confusion. To be clear, there is nothing on the packaging or the ingredient list that explicitly states that the Products contain

artificial vanilla flavor. Defendants point only to the small print statement, "Naturally and Artificially Flavored" to argue that consumers should understand from this that there may be artificial vanilla in the Products. Def. Mem. at 7.

Again, Judge Cogan expressly rejected Defendants' argument.

> After viewing the label of the products in context and accepting plaintiffs' allegations as true, I hold that plaintiffs have plausibly alleged that the "MADE WITH AGED VANILLA" representation – prominently displayed under the A&W logo and on front of the bottle or box, bolded and in all capital letters – falsely implies that any vanilla content derives predominately from the vanilla plant, instead of its artificial and synthetic counterpart. This determination is further bolstered by the persuasive extrinsic evidence that the overwhelming percentage of consumers share this misconception. . . .
>
> It is true that the products labels disclose that the beverages are "Natural [sic] and Artificially Flavored." A consumer, however, does not know if this is referring to vanilla or to the host of other ingredients present in the drinks, including the root beer or cream soda flavoring. More importantly, to adequately review this disclosure on some of the products, one must maneuver and rotate the bottle. If the Court in Mantikas [following *Williams v. Gerber*)], emphasized that a consumer should not be expected to turn and consult the side of a box to correct misleading information set forth in large bold type on the front of the box, I see no reason why a consumer purchasing a bottle of soda should be expected to do the same.

*Sharpe,* 2020 WL 4931045, at *5.

**C. Plaintiff's Survey Evidence Further Supports His Allegations of Actionable Deception**

Plaintiff has sufficiently alleged actionable deception based on his first-hand experience. Plaintiff also provided survey evidence that supports his allegations that a reasonable consumer would be misled by the Products' labeling, just as he was misled. Am. Compl. at ¶¶ 3-4, 20-21, 43. Judge Cogan found the same survey "persuasive extrinsic evidence that the overwhelming percentage of consumers share [plaintiffs'] misconception." *Sharpe,* 2020 WL 4931045, at *5.

Defendants improperly attack the methodology of the survey on their motion to dismiss. Def. Mot. at 7-8. Survey evidence is not necessary to survive a motion to dismiss. *Twombly*, 550 U.S. at 555 (notice pleading standard "requires only 'a short and plain statement of the claim

showing that the pleader is entitled to relief,' in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests"). However, "[w]hen consumer survey data is incorporated into a complaint, the Court must presume its truth on a motion to dismiss, even if a defendant has raised colorable arguments as to the reliability of the survey methodology." *Shalikar v. Asahi Beer U.S.A., Inc.*, No. 17–CV-02713 JAK, 2017 WL 9362139, at *7 (C.D. Cal. 2017) (internal quotation marks and alterations omitted; denying motion to dismiss); *Joseph v. J.M. Smucker Co.*, No. 17-CV-8735 FMO, 2019 WL 1219708, at *3 (C.D. Cal. Mar. 13, 2019) (same). Allegations regarding the survey are factual assertions, which must be taken as true as with all other factual allegations in the Amended Complaint. Any weighing of evidence is inappropriate on a motion to dismiss. *Branca v. Nordstrom, Inc.*, No. 14-cv-2062 MMA, 2015 WL 10436858, at *7 (S.D. Cal. Oct. 9, 2015) (rejecting argument regarding lack of survey detail, finding it "premature, as Plaintiff need not prove his claims at the motion to dismiss stage…. The consumer survey data is incorporated into Plaintiff's SAC, therefore the Court must presume its truth.").

## II.  PLAINTIFF SUFFICIENTLY ALLEGES VIOLATIONS OF FDA REGULATIONS, BUT DO NOT RELY SOLELY ON THOSE VIOLATIONS FOR HIS CLAIMS

Defendants' argument, Def. Mem. at 9-11, that Plaintiff asserts an improper private right of action for violations of FDA regulation can be dispensed with easily. Plaintiff alleges that Defendants' labeling constitutes violations California consumer protection statutes because the "Made With Aged Vanilla" labeling misrepresents that the vanilla flavor in the Products is from the vanilla plant when most, if not all, of the vanilla flavor is artificial. The Amended Complaint makes abundantly clear that Plaintiff's claims do not hinge exclusively on his allegations that Defendants' labeling violates FDA regulations. *See* Am. Comp. at ¶ 31 ("This violation of the FDA's regulations provides **a separate and independent reason** why Defendants have violated the consumer protection laws at issue here as detailed below."); ¶¶ 65-67 ("Each of the challenged advertising statements made, and actions taken, by Defendants violates the FFDCA***, CLRA, FAL, and Sherman Law, and, consequently, violations the "unlawful" prong of the UCL***.") (emphasis added). Rather, the FDA regulations regarding vanilla give context and further support Plaintiff's

allegations of deception and unlawfulness. *See* Am. Comp. at ¶ 29 ("In order to combat this vanilla fraud, the FDA has strict rules regarding use of the term "vanilla" on the labels of food products."); ¶ 32 ("The FDA regulations regarding vanilla flavoring effectively establish custom and practice in the industry so that consumers' experience with that custom and practice primes them to infer from the Products' labeling that the Products gets its vanilla flavor from the vanilla plant."). Reference to the FDA regulations adds further plausibility to the allegations that reasonable consumers are likely to be misled by Defendants' labeling in violation of the unfair and fraudulent prongs of the UCL and in violation of California's FAL and CLRA.

In addition, Plaintiff has alleged that the Product labels violate FDA regulations, and therefore violated California's Sherman Law. Violation of FDA regulations can serve as a predicate for violation of the unlawful prong the UCL. Indeed, California's Sherman Law adopts the FDA regulations, such that a violation of the FDA regulations is a violation of California's Sherman Law. *See* Cal. Health & Safety Code, § 110100(a) ("All food labeling regulations and any amendments to those regulations adopted pursuant to the federal act, in effect on January 1, 1993, or adopted on or after that date shall be the food labeling regulations of this state."). In turn, violation of California's Sherman Law can serve as the predicate for violation of the unlawful prong of the UCL. *See e.g. Bruton v. Gerber Products Co.*, 703 Fed. Appx. 468, 471-72 (9th Cir. 2017) (upholding claim for violation of the UCL predicated on violation of California's Sherman Law; "The UCL's unlawful prong 'borrows' predicate legal violations and treats them as independently actionable under the UCL. The best reading of California precedent is that the reasonable consumer test is a requirement under the UCL's unlawful prong only when it is an element of the predicate violation….The predicate violation here is of California's Sherman Law, which itself incorporates standards set by FDA regulations, *see* [Cal. Health & Safety Code] §§ 110100, 110670. These FDA regulations include no requirement that the public be likely to experience deception."); *In re Farm Raised Salmon Cases*, 42 Cal.4th 1077, 1174 (Cal. S. Ct. 2008) (upholding denial of motion to dismiss where alleged violation of the unlawful prong of the UCL was predicated on violation of California's Sherman Law).

Defendants claim that their Product labels cannot violate FDA regulations because root beer and cream soda have no characterizing flavor. *See* Def. Mem. 8-9. The obvious flaw in this argument is that Defendants themselves single out to consumers the vanilla flavor from the Products' "complex mixture of various flavors." *Id.* at 9. Defendants cannot tout vanilla on the Products' front label, then claim that it is not a characterizing flavor of those Products. The plain language of the pertinent FDA regulation, 21 C.F.R. § 101.22(i)(2), applies ***because*** Defendants chose to make a representation regarding vanilla. 21 C.F.R. § 101.22(i)(2) states that characterizing flavor is "direct or indirect representations with respect to the primary recognizable flavor(s), by word, vignette, e.g., depiction of a fruit, or other means." 21 C.F.R. § 101.22(i)(2). Here, Defendants make a direct representation with respect to the vanilla flavor in the Products with the words "Made With Aged Vanilla." Consumers see those words and reasonably understand them to mean that the Products are vanilla-flavored and that the vanilla flavor comes from the vanilla plant. Am. Compl. at ¶ 20-21. Plaintiff has sufficiently alleged that Defendants violated FDA regulations by failing to disclose that the vanilla flavor is artificial.

### III. PLAINTIFF HAS STANDING TO BRING CLAIMS FOR ALL PRODUCTS, FOR MONETARY RELIEF AND FOR INJUNCTIVE RELIEF

#### A. Plaintiff Has Standing to Bring Claims for All Products

Defendants concede that Plaintiff has standing to assert claims on behalf of members of a putative class with respect to products other than those he actually purchased if "the products and the alleged misrepresentations are substantially similar." Def. Mem. at 12 (citing *Brown v. Hain Celestial Group, Inc.*, 913 F. Supp. 2d 881, 892 (N.D. Cal. 2012)). Here, Plaintiff has alleged that all of the Products displayed the same misleading "Made With Aged Vanilla" representation and that this representation is false with respect to all Products because all Products' vanilla flavoring is derived predominantly, if not exclusively, from artificial vanilla. As such, Plaintiff has standing to bring his claims for all Products. *See Arora v. GNC Holdings, Inc.*, No. 19-cv-02414-LB, 2019 WL 6050750, at *15 (N.D. Cal. Nov. 15, 2019) (finding standing to pursue claims for unpurchased products because "the plaintiffs have alleged uniform misrepresentations across product lines"); *Bohac v. Gen. Mills, Inc.*, No. 12–CV–05280–WHO, 2014 WL 1266848, at *12 (N.D. Cal. Mar.

26, 2014) (although defendant argued "that the products are not 'substantially similar' because ingredients and labeling vary across the 29 products, these differences do not change the fact that, as alleged, the challenged representations are the same and cause the same harm."); *Ang v. Bimbo Bakeries USA, Inc.*, No. 13–CV–01196–WHO, 2014 WL 1024182, at *8 (N.D. Cal. Mar. 13, 2014) (where "the type of claim and consumer injury is substantially similar as between the purchased and unpurchased products," plaintiffs will have standing to pursue claims for unpurchased products).

## B. Plaintiff Has Standing to Bring Claims for Monetary Relief

Although Defendants do not expressly label it as a standing issue, Defendants essentially argue that a necessary element of statutory standing for claims under the UCL, FAL and CLRA is damages and that Plaintiff "has not pleaded a plausible claim for economic injury." Def. Mem. 12. The Amended Complaint could not be clearer on how Plaintiff suffered injury: "Had Plaintiff known the truth – that the "Made With Aged Vanilla" representation Plaintiff relied upon in making the purchase was false, misleading, and deceptive –Plaintiff would not have purchased the Product at a premium price or bought the Product at all." Am. Compl. at ¶43. That is enough to allege economic injury under Ninth Circuit law.

*Zaragoza v. Apple Inc.*, No. 18-cv-06139-PJH, 2019 WL 1171161 (N.D. Cal. March 13, 2019), is on point. In that case, the court rejected the defendant's argument, identical to Defendants' here, that "plaintiffs' allegations that they paid more for the product due to the misrepresentation, or that they would have not bought the product absent it, are implausible." *Id.*, at *9. The court explained:

> 'For each consumer who relies on the truth and accuracy of a label and is deceived by misrepresentations into making a purchase, the economic harm is the same: the consumer has purchased a product that he or she paid more for than he or she otherwise might have been willing to pay if the product had been labeled accurately.' *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 329 (2011); *Chavez v.* Blue *Sky Nat. Beverage Co.*, 340 F. App'x 359, 361 (9th Cir. 2009) (under the UCL, FAL, and CLRA injury pled when plaintiff alleged "he did not receive what he had paid for" and "he would not have paid had he known the truth"). '[T]he economic injury of paying a premium for a falsely advertised product is sufficient harm to maintain a

> cause of action.' *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 965 (9th Cir. 2018); . . . *Maya v. Centex Corp.*, 658 F.3d 1060, 1069 (9th Cir. 2011) ("Allegedly, plaintiffs spent money that, absent defendants' actions, they would not have spent. This is a quintessential injury-in-fact.") (citation omitted).

*Id.*

Thus, under well-established Ninth Circuit precedent such as *Chavez*, *Davidson*, and *Maya*, Plaintiff sufficiently asserted a quintessential injury-in-fact by alleging that he spent money that he would not have spent, absent Defendants' wrongful actions. Plaintiff has established standing to bring his claims for monetary relief.

## C. Plaintiff Has Standing for Injunctive Relief

Defendants argue "[b]ecause Plaintiff has demonstrated in the FAC that he is thoroughly aware of the presence of ethyl vanillin, he is at no risk of future harm from the labels – and therefore lacks standing to seek injunctive relief." Def. Mem. at 13.

The fundamental flaw in this argument is that Plaintiff alleges Defendants' labeling fails to disclose the artificial vanilla flavoring, which was detected with laboratory testing. Thus, Plaintiff cannot simply look at the ingredients on the label in order to determine whether the Product's formulation was changed to remove the artificial vanilla flavoring to comport with the labelling. *See Sharpe,* 2020 WL 4931045, at *5 ("In our case, the existence of ethyl vanillin, the substance plaintiffs allege is exponentially present compared to natural vanilla, is never explicitly disclosed to consumers. Therefore, by looking at the products' Nutrition Facts, plaintiffs could not even confirm the presence of ethyl vanillin in the beverages. Rather, it took advanced scientific testing to reveal this."). Thus, Plaintiff's allegations fall squarely within the holding of *Davidson*.[1] In *Davidson,* the Ninth Circuit stated:

> We hold that a previously deceived consumer may have standing to seek an injunction against false advertising or labeling, even though the consumer now

---

[1] In concluding that the plaintiffs in *Sharpe* lacking standing for injunctive relief, Judge Cogan relied upon Second Circuit precedent, which differs from that of the Ninth Circuit. *See Sharpe,* 2020 WL 4931045, at *3-4. In *Kommer v. Bayer Consumer Health*, 710 F.App'x 43, 44 (2d Cir. 2018) and more recently in *Berni v. Barilla S.p.A.*, 964 F.3d 141, 146-49 (2d Cir. 2020), the Second Circuit concluded that past purchasers lack standing to seek injunctive relief where the Ninth Circuit has found standing.

> knows or suspects that the advertising was false at the time of the original purchase, because the consumer may suffer an "actual and imminent, not conjectural or hypothetical" threat of future harm. Knowledge that the advertisement or label was false in the past does not equate to knowledge that it will remain false in the future. In some cases, the threat of future harm may be the consumer's plausible allegations that she will be unable to rely on the product's advertising or labeling in the future, and so will not purchase the product although she would like to.

889 F.3d at 969–70 (footnote and citation omitted). Just as in *Davidson*, Plaintiff alleges he would like to purchase the product in the future, but he cannot discover prior to repurchase whether Defendants' previous misrepresentations have been cured. Plaintiff easily meets the standing requirement for injunctive relief. *See also Tucker v. Post Consumer Brands, LLC*, No. 19-cv-03993-YGR, 2020 WL 1929368, at *6 (N.D. Cal. April 21, 2020) ("Plaintiff's inability to rely on the honey-related words and images prominently featured on the front and top of the cereal box constitutes an ongoing injury for which plaintiff may seek injunctive relief. As such, defendant's request to dismiss plaintiff's request for injunctive relief is denied.") Under Ninth Circuit law, Defendants' argument that Plaintiff lacks standing must be rejected.

# CONCLUSION

For the reasons stated above, Defendants' motion must be denied in its entirety.

Respectfully submitted,

Date: August 27, 2020

**REESE LLP**

By: */s/ Sue J. Nam*
Sue J. Nam (State Bar No. 206729)
*snam@reesellp.com*
Michael R. Reese (State Bar No. 206773)
*mreese@reesellp.com*
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
Facsimile: (212) 253-4272

**REESE LLP**
George V. Granade (Cal. State Bar No. 316050)
*ggranade@reesellp.com*
8484 Wilshire Boulevard, Suite 515
Los Angeles, California 90211
Telephone: (310) 393-0070

**SHEEHAN & ASSOCIATES, P.C.**
Spencer Sheehan (Pro hac vice submitted)
*spencer@spencersheehan.com*
505 Northern Blvd Ste 311
Great Neck, New York 11021-5101
Telephone: (516) 303-0552

*Counsel for Plaintiff and the Proposed Class*